IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WENDI L MEER,<br><br>            Plaintiff,<br><br>vs.<br><br>DENNIS DILLON AUTO PARK & TRUCK CENTER, INC., NORTHWEST LEASING, TREASURE VALLEY LEASING, INC., DENNIS E. DILLON, JOAN B. DILLON, BRADLEY B. DILLON, DENNIS T. MCCURRY, DUANE A. SESSIONS, JERRON MOORE, CHARLENE SILVA, JEFF LILLY,<br><br>         Defendants. | Case No.  1:12-CV-025-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a number of motions filed by both sides.  The Court will resolve each motion below.

## ANALYSIS

Plaintiff Meer filed this case against eleven defendants – including financing agencies, Dennis Dillon Auto Park, and various individuals – alleging that the defendants improperly repossessed her car and used intimidation and threats to collect a debt.  The Court granted Meer's motion to proceed in forma pauperis and filed a Case Management Order setting various deadlines.  Meer is representing herself.

**Memorandum Decision & Order - 1**

**Motion For Protective Order and Motion for Definitive Ruling on Stay**

Defendants have filed a motion for protective order, arguing that Meer propounded discovery on them in violation of the automatic stay entered when defendant Jeff Lilly filed for Chapter 7 bankruptcy.  In response, Meer filed a motion seeking a definitive ruling on the scope of the stay and whether it applies to this entire case or only to her action against Lilly.

The automatic stay generated by Lilly's Chapter 7 filing continues in full force and effect as it has not been lifted and the bankruptcy proceedings have not yet been resolved. As a general rule, the automatic stay protects only the debtor, property of the debtor or property of the estate and does not protect non-debtor co-defendants in civil litigation. *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (holding that the stay does not protect non-debtor parties or their property).  The fact that Meer's claims against Lilly's co-defendants share a "similar legal and factual nexus" with her claims against Lilly "is not sufficient ground for extending the automatic stay" to the co-defendants.  *U.S. v Dos Cabezas Corp.*, 995 F.2d 1486, 1492 (9th Cir. 1993).

While some courts have adopted an "unusual circumstances" exception to this rule, the Ninth Circuit has stated in *Matter of Lockard*, 884 F.2d 1171, 1179 (9th Cir. 1989), that "[w]e have not explicitly recognized such an exception, and we decline to do so in this case."  While the Circuit has more recently described the "vitality" of the exception in this Circuit as "not clear," it continues to decline to apply the exception.  *In re Chugach Forest Products, Inc.*, 23 F.3d 241, 247 (9th Cir. 1994); *see also Boucher*, 572

**Memorandum Decision & Order - 2**

F.3d at 1092.  At any rate, *Chugach* held that even if adopted, the exception would only apply where the Bankruptcy Court had held a hearing and found that "unusual circumstances" existed sufficient to extend its stay to protect  non-debtors.  That pre-condition to the exception does not exist in this case.

Thus, the stay in this case affects only the action against Lilly, and the remainder of the case may proceed.  Accordingly, the defendants' motion for protective order must be denied in part.  No defendant except Lilly is protected by the stay from answering discovery.  However, because this was not clear until this decision, the Court will grant in part the defendants' motion and grant to them an extension of time to answer the interrogatory – their answers, or any objections to the interrogatories, must be filed within twenty days from the date of this decision.

This decision moots Meer's motion for a definitive ruling on the scope of the stay.  The Court has now resolved that issue.

**Motion to Amend Complaint**

Meer seeks to amend her complaint to add a RICO claim and to add a defendant named Keith Foster.  Other than listing Keith Foster as a "respondent," Meer's proposed amendment  fails entirely to explain how he caused any injury or damage to Meer. With regard to the RICO claim, it is not clear which defendants are being sued under RICO.  While Meer charges  defendant Lilly with extortion, she fails to identify any of the other eleven defendants in the RICO claim.  She never explains how the RICO conspiracy operated.  In discussing the RICO conspiracy, she incorporates paragraphs from her

**Memorandum Decision & Order - 3**

original complaint by stating that "Facts S,T & Z (listed in original complaint) are all examples of 18 U.S.C. § 1962(d) [the RICO conspiracy provisions]." *See Proposed Amended Complaint (Dkt. No. 25)* at p. 5.  Facts "S" and "T" are simply recitations that Meer sent certified letters complaining about breaches of contract and unethical conduct to Treasure Valley Leasing and Dennis Dillon Sales; the paragraphs do not contain any explanation as to how the defendants conspired together.  Fact "Z" states that Meer sent a cease and desist letter under the Fair Debt Collection Practices Act to Dennis Dillion.  Again, it says nothing about a conspiracy.

The only clear allegation in the proposed amendment is that defendant Lilly committed extortion.  But the case as to Lilly is stayed, as discussed above, and hence this part of the proposed amendment must be denied, without prejudice to the motion being renewed when the stay in Lilly's bankruptcy is lifted.

The remainder of the proposed amendment is indecipherable, for the reasons explained above.  Meer fails to explain her RICO claim in sufficient detail so that each defendant (other than Lilly) could understand his or her role in (1) a particular predicate act and (2) the alleged conspiracy.

Rule 15(a) directs the Court to "freely give leave [to amend] when justice so requires."  This Circuit has described Rule 15(a) as "very liberal." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946 (9th Cir. 2006).  However, a district court need not grant leave to amend where the amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

**Memorandum Decision & Order - 4**

It is this last category – futility – that exists here and blocks Meer's proposed amendment.  On its face, Meer's RICO claim could not survive a motion to dismiss under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and hence it would be futile to grant this amendment.

Accordingly, the Court will deny Meer's motion to amend.  Nevertheless, pro se plaintiffs must be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment.  *Lopez v. Smith,* 203 F.3d 1122, 1128 (9th Cir. 2000).  It is not "absolutely clear" that no amendment could cure this complaint, and so the Court will grant Meer one last opportunity to file an amended complaint.

The Court will therefore deny Meer's present motion with leave to file another motion with a proposed amendment that addresses the Court's specific concerns discussed above.[1]  Meer must file her renewed motion to amend within 20 days from the date of this decision.  Due to past extensions granted to Meer, no further extensions will be allowed.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that this action is stayed as to

---

[1]  Meer filed her motion to amend late, but did file a timely motion to extend the deadline, asking for more time because she was suffering from health-related ailments.  The Court will grant that motion to extend and finds good cause for the late filing of the motion to amend.

**Memorandum Decision & Order - 5**

defendant Jeff Lilly only, and the stay does not extend to the other co-defendants.

IT IS FURTHER ORDERED, that the motion to extend (docket no. 20) is GRANTED, and the motion to amend is deemed timely filed.

IT IS FURTHER ORDERED, that the motion to amend (docket no. 25) is denied without prejudice to plaintiff's right to file a renewed motion to amend within twenty (20) days from the date of this decision addressing the concerns set forth in this decision.  No extensions of time will be allowed.

IT IS FURTHER ORDERED, that the motion for protective order (docket no. 28) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks an extension of twenty (20) days to file an answer or objections to the interrogatories propounded by plaintiff.  It is denied in all other respects.

IT IS FURTHER ORDERED, that the motion for definitive ruling (docket no 29) is DEEMED MOOT.

DATED:  **October 25, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 6**