IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WENDI L MEER,<br><br>        Plaintiff,<br>vs.<br><br>DENNIS DILLON AUTO PARK & TRUCK CENTER, INC., NORTHWEST LEASING, TREASURE VALLEY LEASING, INC., DENNIS E. DILLON, JOAN B. DILLON, BRADLEY B. DILLON, DENNIS T. MCCURRY, DUANE A. SESSIONS, JERRON MOORE, CHARLENE SILVA, JEFF LILLY,<br><br>        Defendants. | Case No. 1:12-CV-025-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiff Meer's motion to amend. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Meer, representing herself, has sued the defendants, including Dennis Dillon Auto Park and Truck Center Inc., over a dispute concerning the financing and payment for a car she purchased from Dennis Dillon. She brought claims under the Uniform Commercial Code and the Idaho Consumer Protection Act.

In the motion to amend now before the Court, Meer seeks to add a RICO claim, alleging that the defendants conspired to take her money and repossess her car in

violation of the various predicate criminal statutes referred to in RICO. She also seeks to add as a defendant the man who repossessed her car, Keith Foster.

In an earlier decision, the Court denied Meer's motion to amend finding numerous flaws in her proposed amendments. The Court explained in detail how the proposed amendments were "indecipherable." *See Memorandum Decision (Dkt. No. 30)* at p. 4. Meer had failed to explain her RICO claim in sufficient detail so that each defendant could understand his or her role in (1) the particular predicate act, and (2) the alleged conspiracy. *Id.* But because Meer was proceeding pro se, the Court allowed her one final opportunity to amend her complaint and address the Court's concerns.

Meer has now filed her revised proposed amendments, and the defendants have responded. Rule 15(a) directs the Court to "freely give leave [to amend] when justice so requires." This Circuit has described Rule 15(a) as "very liberal." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946 (9th Cir. 2006). However, a district court need not grant leave to amend where the amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id*.

It is this last category—futility—that exists here and blocks Meer's proposed amendment. On its face, Meer's RICO claim could not survive a motion to dismiss under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and hence it would be futile to grant this amendment.

The proposed amended complaint contains claims against two corporate entities and nine individuals. Seven of those individuals are named as follows: Dennis E. Dillon,

Joan B. Dillon, Bradley B. Dillon, Dennis T. McCurry, Duane A. Sessions, Jerron Moore, and Charlene Silva. The proposed amended complaint contains no explanation whatsoever as to what role these individuals played in the alleged RICO conspiracy. This is the same flaw identified by the Court in its earlier decision giving Meer another chance to amend. The motion to amend to add a RICO claim against these seven individuals must be denied.

Meer does provide some further explanation regarding defendant Jeff Lilly. However, he was voluntarily dismissed by Meer, and so these claims are no longer valid. *See Memorandum Decision and Order (Dkt. No. 38).*

This leaves one individual defendant – Keith Foster, the man who possessed her car – and three business entities, Dennis Dillon Auto Park and Truck Center Inc., and Northwest Leasing, and Treasure Valley Leasing, Inc. To pursue a RICO claim against these defendants under predicate fraud statutes, as Meer has done, she must meet the strict pleading requirements of Rule 9(b). *See Arch Ins. Co. v. Allegiant*, 2012 WL 1400302 (C.D.Cal. 2012). The proposed amendments do not meet that strict standard. They contain mere conclusory statements and fail to explain in any detail how the alleged conspiracy worked or what the role of each defendant was in that conspiracy.

Even if Rule 9(b) is not applicable to each of the predicate claims under RICO, Meer has failed to satisfy *Iqbal*. The complaint must contain more than "threadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Doane v. First Franklin Financial,* 2012 WL 2129369 (E.D.Cal. 2012) (citing *Iqbal* in

**Memorandum Decision & Order - 3**

dismissing RICO claim). Meer's complaint contains mere conclusory statements that do not meet the *Iqbal* standard.

Hence, Meer's proposed amendments to add a RICO claim, and name Keith Foster as a defendant, must be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the "Amendment of Complaint" (docket no. 31) be deemed a motion to amend complaint and be DENIED.

DATED: September 24, 2013

B. Lynn Winmill
Chief Judge
United States District Court