UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

WENDI L. MEER

       Plaintiff

vs.

DENNIS DILLON AUTO PARK &
TRUCK CENTER, INC., et al.,

      Defendants

Case No. 1:12-cv-025-BLW

**MEMORANDUM DECISION**

## INTRODUCTION

The Court has before it defendants' motion for summary judgment and plaintiff's petition seeking to disqualify the Court from hearing this case and transferring jurisdiction to the Ninth Circuit. The motions are fully briefed and at issue. For the reasons explained below, the Court will grant the motion for summary judgment and deny the petition for disqualification and transfer.

## BACKGROUND

On September 1, 2009 Plaintiff Wendi Meer entered into a Closed End Motor Vehicle Lease Agreement and Disclosure with defendant Dennis Dillon Auto Park & Truck Center. Defendant Treasure Valley Leasing (TVL) financed and serviced the lease.

The lease required Meer to make monthly payments of $240.49 per month and keep the vehicle insured at all times. *See Exhibit A (Dkt. No. 45-3)*. To make those payments, she authorized TVL to take automatic withdrawals from her checking account on the tenth of each month in the amount of $240.49. *See Exhibit A (Dkt. No. 49-1)*.

On November 8, 2010, TVL received notice from Meer's insurer – State Farm – that her auto insurance on the leased vehicle would be terminated on November 17, 2010, for Meer's non-payment of the insurance premium. On November 15, 2010, two days before State Farm's termination date, TVL notified Meer that her car would be repossessed if she did not obtain insurance. Meer obtained insurance the next day, November 16, 2010. *See Exhibit D (Dkt. No. 49-1)*. TVL claims that Meer never told them that she had obtained insurance, and Meer does not dispute that claim. On November 17, 2010, TVL repossessed the car but returned it later that same day when Meer provided proof of insurance.

In March of 2011, Meer contacted TVL to arrange for a late payment for April of 2011. TVL agreed and accepted Meer's payment over the phone by debit card on April 13, 2011. TVL claims that Meer requested that they stop the automatic withdrawals from her checking account; Meer denies she made any such request. The Court will assume Meer's version is correct. At any rate, TVL did stop the automatic withdrawals.

On May 11, 2011, when no automatic payment had been withdrawn from her account the previous day, Meer called TVL and asked that the automatic payments be

reinstituted.  The next day, May 12, 2011, she made her May payment over the phone with a debit card.

TVL did not reinstate the automatic payments and so no payment was withdrawn from Meer's account on June 10, 2011.  On June 22, 2011, TVL contacted Meer to notify her that her account was past due and needed to be brought current.  It is undisputed that Meer never made her monthly payment for June 2011.  Instead, on June 24, 2011, Meer faxed a letter to TVL's Registered Agent stating that because TVL had breached the contract by failing to automatically withdraw her monthly payments, "this contested debt will not ever be paid by myself, heirs or assigns."  *See Exhibit I (Dkt. No. 50-1).*

TVL repossessed the vehicle on July 13, 2011.  Meer filed this lawsuit on January 20, 2012.  She claims that (1) the defendants breached their agreement by failing to automatically withdraw payments from her bank account; (2) made unauthorized withdrawals from her bank account; (3) wrongfully repossessed her vehicle; and (4) improperly damaged her credit rating and reputation.  These acts, she alleges, violate the Uniform Commercial Code and various Idaho statutes.  The defendants have moved for summary judgment on all claims.  Meer has filed a motion to disqualify the Court for bias, and seeks to transfer jurisdiction of this litigation to the Ninth Circuit.  The Court will take up that motion/petition first.

## ANALYSIS

### Motion to Disqualify & Petition to Transfer

Meer alleges that this Court is biased against her and seeks "removal to the Circuit Court" on a number of grounds. She filed her motion under 28 U.S.C. § 144 that states in part as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

An affidavit is "sufficient" to require transfer to another judge for a decision on the recusal motion if the affidavit alleges that "the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. TWA,* 862 F.2d 1381, 1388 (9th Cir. 1988). Meer has failed to allege any extrajudicial source for any bias or prejudice. First, she alleges various instances of delay and incorrect rulings that show, she alleges, that the Court is biased against her. But those allegations are insufficient under *Toth.*

The defendant also alleges that the Court held a private conference with opposing counsel. She points to a line in the Court's Case Management Order that states that "as the Court discussed during the Conference with counsel, this deadline will not be extended . . . ." *See Case Management Order (Dkt. No. 13).* Meer states that she was not present at any such conference and thus the Court must have met in private with opposing counsel. But the Court held no such conference – the Case Management Order was issued by the Court without any conference with counsel, and the language noted by Meer is standard form language that should have been deleted before filing because it

was inapplicable.  This likewise provides no ground for recusal.  Because the Court will not recuse itself, the Court will also deny the petition to transfer this case to the Ninth Circuit.

The Court will now turn to an analysis of defendants' motion for summary judgment.

## Summary Judgment – Wrongful Repossession in November 2010

In her complaint, Meer challenges the repossession of the vehicle in November of 2010, triggered by the lapse in insurance coverage by Meer's existing carrier, State Farm. Meer argues that there was no lapse because she obtained insurance one day before the expiration date of her State Farm insurance, and one day before the repossession by defendants.  The defendants seek summary judgment on this allegation.

The defendants claim that Meer never informed them that she had obtained new insurance until after the repossession, and Meer has not disputed that.  Thus, the undisputed facts are as follows:  (1) State Farm cancelled Meer's insurance on the vehicle as of November 17, 2010; (2) State Farm notified defendants of the cancellation; (3) the Lease Agreement gave defendants authorization to repossess the vehicle if it was not covered by insurance, *see Exhibit A (Dkt. No. 45-3)* at ¶ 24; (4) on November 15, 2010, the defendants notified Meer that repossession was a consequence of not having insurance, (5) On November 17, 2010, the defendants repossessed the car; and (6) while Meer obtained insurance from another carrier one day prior to State Farm's cancellation, she never notified defendants of that fact until after the repossession.

Meer notes that the Lease Agreement only requires her to provide proof of insurance to the Lessor "at lease inception", *see Exhibit A (Dkt. No. 45-3)* at ¶ 15, and alleges that the Lease contains no obligation for her to notify the Lessor of any changes in insurance carriers thereafter. She argues that because the vehicle was never uninsured, the defendants had no right to repossess the vehicle. Her argument goes too far. Keeping the vehicle insured protects Meer from a charge that she breached the contract, but it does not protect her from repossession when she fails to notify defendants that she obtained new insurance after her existing insurer terminated coverage. She chose to wait until after repossession to reveal her new insurance, and the consequence of her choice is that she cannot now sue defendants for the repossession.

The Court turns next to Meer's claim that the defendants committed a breach of contract by (1) failing to automatically withdraw her monthly payments, (2) finding her in default for the month of June of 2011; and (3) repossessing her vehicle. The defendants seek summary judgment on these claims.

 The lease agreement obligates Meer to pay $240.49 on the 10th of each month. She "will be in default if [she] do[es] not make a payment when due." *See Exhibit A (Dkt. No. 45-3)* at ¶ 24. Her default gives defendants the right to terminate the lease and repossess the vehicle. *Id.* The undisputed facts are that Meer failed to make the required payment for June of 2011, and repudiated her obligation to pay, telling TVL on June 24, 2011, that "this contested debt will not ever be paid by myself, heirs or assigns." *See Exhibit I (Dkt. No. 50-1).*

Because Meer did not make the June payment and repudiated her obligation to do so, the defendants properly terminated the lease and repossessed the vehicle. Meer argues, however, that the defendants had a contractual obligation to automatically withdraw her required payment each month, and their failure to do so resulted in their own breach of contract. However, Meer has presented nothing to show that the defendants had an obligation to automatically withdraw her monthly payments. The documents she signed authorized defendants to automatically withdraw payments from her bank account but contained no obligation to continue those automatic withdrawals for the life of the lease.

This might be a different case if Meer made a late payment for June because she was misled or confused by the termination of the automatic withdrawal process. But that is not what happened here – Meer never made any payment for June and repudiated her obligation to do so. The Court rejects, as a matter of law, Meer's argument that the defendants' failure to automatically withdraw her monthly payments provides a defense to her failure to pay her required monthly payment.

Meer argues, however, that the agreement was actually one of sale, not a lease. Yet the agreement she signed on September 1, 2009, is entitled "Closed End Motor Vehicle *Lease Agreement* and Disclosure." *See Exhibit A (Dkt. No. 45-3)* (emphasis added). It did contain an option to purchase, a standard lease term. *Id.* at ¶ 6. If that option was not exercised, Meer was required to return the vehicle. *Id.* at ¶ 11. To clarify

any doubt, Meer is listed on the agreement as the "Lessee," and by signing the lease represented that she "underst[oo]d that this is a lease." *Id.* at ¶ 1.

Meer responds by offering another agreement she signed on the same day, entitled "Contract Subject to Acceptance of Financing." She contends that this 'Contract" was a purchase agreement, not a lease agreement. The 'Contract" states that "[i]n the event Dealer is unable to assign the contract and obtain financing within 10 business days of the above date . . . the contract shall be null and void." The defendants claim that they were unable to secure financing for Meer due to her poor credit rating. Meer does not challenge this claim. Thus, it is undisputed that defendants could not obtain financing for Meer, making this "Contract" null and void, according to its terms quoted above.

For all of these reasons, the Court finds as a matter of law that (1) Meer breached the lease agreement by failing to make her June payment and repudiating her obligation to make that payment; and (2) defendants properly terminated the lease agreement and repossessed the vehicle.

## Summary Judgment – Improper Damage to her Credit Rating and Reputation

Meer claims that the defendants ruined her credit rating and reputation by terminating her lease and repossessing her vehicle and reporting these matters to the credit reporting agencies. This claim is based on Meer's allegation that the termination and repossession was improper. However, the Court has found them proper above, and so these claims must be dismissed.

## Summary Judgment – Unauthorized Withdrawals

Meer alleges that when she arranged with TVL to make a late payment in April of 2011, the payment was taken from her checking account by Dennis Dillon Auto Park and Truck Center, not by TVL. She has sued Dennis Dillon, claiming that it had no authority for withdrawing this sum from her bank account.

Meer demonstrates no prejudice from the withdrawal. It was credited in full to her account and accepted as a late payment. Meer suffered no consequence from the fact that the Lessor – Dennis Dillon – withdrew the funds rather than TVL. Under the Lease Agreement the funds were ultimately owed to the Lessor. Meer cites no law that would give her the right to sue for damages under these circumstances.

## Conclusion on  Motion for Summary Judgment

Meer cites numerous provisions of the UCC and Idaho statutes in her complaint. But because the actions of the defendants were proper under the Lease Agreement, these citations provide no support for her cause of action. The Court will accordingly grant the defendants' motion for summary judgment, and will file a separate Judgment as required by Rule 58(a).

DATED: July 28, 2014

B. Lynn Winmill
Chief Judge
United States District Court